UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jessica Michelle Brown,<br><br>                    Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>                    Defendants | Case No. 2:23-cv-00183-CDS-EJY<br><br>**Order Dismissing Petition for Writ of Habeas Corpus, Granting Application to Proceed in Forma Pauperis, Denying Motion to Extend, and Closing Case**<br><br>[ECF Nos. 1-1, 7, 8] |

This pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1-1) comes before me for initial review under the Rules Governing Section 2254 Cases. Petitioner Jessica Michelle Brown also filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 7) and motion to extend time. ECF No. 8.

    I.    **IFP Application**

I considered petitioner's IFP application along with the attached financial documents and conclude that she cannot pay the $5.00 filing fee. The IFP application will therefore be granted.

    II.    **Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Petitioner appears to be a pretrial detainee and refers to multiple criminal proceedings in her allegations. *See* ECF No. 1-1 at 2. Her allegations largely refer to the facts of an underlying criminal charge, police conduct, and petitioner requests that the court drop her charges. *Id.* at 8. The petition is subject to multiple substantial defects.

First, the petition improperly seeks federal judicial intervention in a pending state criminal proceeding. The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. *Younger*, 401 U.S. at 46.

Second, petitioner has not alleged or demonstrated that she properly and fully exhausted her state court remedies. A state defendant seeking federal habeas relief to restrain ongoing state criminal proceedings must fully exhaust her state court remedies before presenting her constitutional claims to the federal courts. *E.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

No extraordinary circumstances are presented here. Petitioner is challenging the constitutionality of the charges pending before the state court. Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance.

In addition, petitioner's pretrial motion practice or defenses at trial may eliminate any threat to her federally protected rights. For these reasons, abstention is required.

Given the multiple substantial defects presented, this matter will be dismissed without prejudice. Dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceeding, or otherwise result in substantial prejudice.

### III. Conclusion

It is therefore ordered that petitioner Jessica Michelle Brown's petition for writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 1-1] is DISMISSED without prejudice**.

It is further ordered that a certificate of appealability is DENIED, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

It is further ordered that petitioner's application to proceed *in forma pauperis* **[ECF No. 7] is GRANTED**.

It is further ordered that petitioner's motion to extend **[ECF No. 8] is DENIED as moot**.

It is further ordered that under to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

It is further ordered that the Clerk of Court shall CLOSE this case and ENTER final judgment accordingly, dismissing this action without prejudice.

DATED: June 1, 2023

_____
UNITED STATES DISTRICT JUDGE